PETITION OF DARBY BROWN FOR A WRIT OF HABEAS CORPUS.

No. 11525.
Decided July 31, 1968.
444 P.2d 304.

MEMO OPINION.

PER CURIAM:

Darby Brown, presently a patient in the state hospital at

Warm Springs, Montana, appearing pro se, has filed with this Court an application for a writ of habeas corpus.

Petitioner alleges that he was committed to the hospital on May 24, 1968, from the district court of Cascade County. He further alleges that he was committed without a jury trial or benefit of counsel for his defense; that he protested the jurisdiction of the district judge because the judge had given petitioner a five year prison sentence in a previous criminal case.

Petitioner contends that the failure of the district judge to disqualify himself and failure to grant a jury trial or provide counsel for his defense has deprived him of due process of law as guaranteed under Section 27, Article III of the Montana Constitution.

The minutes of the Cascade County District Court show that on May 21, 1968, at the county jail, the district judge notified Brown of the time and place for hearing and of his right to secure counsel.

The transcript of the hearing held on May 24, 1968, discloses that two doctors were duly sworn as jurors and a physician, whose specialty was psychiatry, testified. During the hearing Darby Brown discussed his case with the psychiatrist and the judge. He told the judge he would like to go to the hospital under a voluntary commitment, not standard, and was advised that either one would amount to the same thing, confinement until recovery was had.

It is true that Brown did move the judge to disqualify himself because the judge sentenced him to five years in the state penitentiary in 1956, which motion was denied. Brown also asked the psychiatrist if he could tell him when the treatment would end. He was advised by the doctor that the hospital would be happy to send him home when he got on his feet; that when he was ready to go they would let him know. Brown also asked the court if he could get a copy of the court records and the court said he could and directed the clerk to prepare

copies of the court records for him. Brown asked if the judge could put in an order that he didn't have to be locked in a cell and the judge advised that he would either put that in an order or write the doctors at the hospital. Petitioner then stated: "I don't mind going down if I'm not locked up in the Mesigbrod ward."

The entire proceeding discloses an effort by all concerned to assist petitioner in getting back on his feet, and every request or statement made by him was courteously handled by the court or doctor.

While petitioner in his petition raises the question of lack of counsel and a jury trial, no mention or request was made for either at the time of the hearing. The court did advise him of his right to secure counsel and during the hearing the court advised him that it was a civil hearing, not a criminal proceeding.

█ █ The purpose of proceedings of this type is to care for those who become disordered in mind so as to endanger the health, person or property of themselves or others, and such care is continued until the hospital medical staff determines that the patient is in satisfactory mental condition to be discharged. Since Brown makes no allegation that he has been found to be in satisfactory mental condition to be released we assume that he is still disordered in his mind as appeared from the testimony at the commitment hearing.

█ Insofar as the court's ruling on the disqualification request is concerned, under the facts here appearing it was correct. The determination of the sanity question is made by the medical jurors, not by the judge.

The writ is denied.